

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| LEROY PEARSON,<br>   Plaintiff,<br><br>vs.<br><br>OWEN ELECTRIC STEEL COMPANY OF<br>SOUTH CAROLINA,<br>   Defendant. | §<br>§<br>§<br>§  CIVIL ACTION NO. 3:17-1943-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTIONS TO DISMISS**

This is a job discrimination action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's motion to dismiss be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 6, 2017, Plaintiff filed his objections on October 12, 2017, and Defendant filed its reply on October 26, 2017. The Court has considered the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff neglects to present any specific objections to the Report. Instead, his only references to the Report are nothing more than general statements. But, general objections to a Report fail to direct the Court's attention to any specific portion of the Report and are, thus, tantamount to a failure to object. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection to the entirety of the . . . [R]eport has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [M]agistrate [Judge] useless." *Id*.

Plaintiff, however, does appear to raise some arguments in his objections he failed to make to the Magistrate Judge. Contrary to Defendant's contention otherwise, "as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate [judge]." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). Thus, the Court will address those contentions below.

Plaintiff alleges two separate retaliatory actions concerning his workers' compensation retaliation claim: (1) after he reported his injury, Defendant placed him on leave under the FMLA under the pretext he had an illness rather than an on-the-job injury and (2) Plaintiff filed a successful workers' compensation claim, which lead to his termination.

"[T]o prove a claim under [the South Carolina workers' compensation retaliation statute], a plaintiff must establish three elements: 1) institution of workers' compensation proceedings, 2) discharge or demotion, and 3) a causal connection between the first two elements. The appropriate test of causation under § 41-1-80 is the "determinative factor" test. The determinative factor test requires the employee establish that he would not have been discharged "but for" the filing of the

workers' compensation claim. *Hinton v. Designer Ensembles, Inc.*, 540 S.E.2d 94, 97 (S.C. 2000) (citations omitted).

> The ultimate burden of persuading the trier of fact that the employer retaliatorily discharged the employee for exercising statutory rights under the Act remains at all times with the employee. The burden of persuasion never shifts and the employee bears the burden of persuasion that the reason given for termination was pretextual. The employee may succeed in this, either directly by persuading the court that the discharge was significantly motivated by retaliation for her exercise of statutory rights, or indirectly by showing that the employer's proffered explanation is unworthy of credence.

*Wallace v. Milliken & Co.*, 406 S.E.2d 358, 360 (S.C. 1991) (citation omitted) (alterations omitted).

As to Plaintiff's workers' compensation retaliation claim concerning Defendant placing him on leave under the FMLA, this decision occurred before Plaintiff filed his workers' compensation claim. As noted by Plaintiff, however, the South Carolina workers' compensation retaliation statute "does not require a formal filing of a workers' compensation claim by the employer." Objections 2 (citation omitted):

> [T]he South Carolina Supreme Court has indicated that [the South Carolina workers' compensation retaliation statute] does not "require a formal filing of a Workers' Compensation Claim by the employee," reasoning that "[t]he purpose of this statute cannot be avoided by firing an injured employee before he or she files a claim." *Johnson v. J.P. Stevens & Co., Inc.*, 417 S.E.2d 527, 529 (S.C. 1992). Pointing to decisions in other jurisdictions that had "held other conduct sufficient to have instituted a proceeding including [1] the employer's agreement to pay or payment of medical care or [2] the employer's receipt of written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee," the South Carolina Supreme Court held that "these types of conduct will suffice to constitute instituting a proceeding under our statute as well." *Id*. The South Carolina Supreme Court has, however, never recognized any other conduct as sufficient to satisfy the statutory requirement.

*Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 110 (4th Cir. 2014) (emphasis omitted).

The *Barton* court reversed the district court's decision on some of the plaintiffs' claims for workers' compensation retaliation, stating "[t]he district court in this case failed to follow the

3

jurisprudence of the South Carolina Supreme Court and did not require plaintiffs to show either (1) that [the employer] agreed to pay for the plaintiffs' medical care or (2) that [the employer] received a bill for the plaintiffs' care from an independent health care provider." *Id*.

Plaintiff's workers' compensation retaliation claim as to Defendant placing him on leave under the FMLA suffers from the same deficiencies: Plaintiff has failed to demonstrate either "(1) that [the employer] agreed to pay for the plaintiffs' medical care or (2) that [the employer] received a bill for the plaintiffs' care from an independent health care provider." *Id*. This failure is fatal to this portion of Plaintiff's workers' compensation retaliation claim.

The Court wholly agrees with the Magistrate Judge's treatment of Plaintiff's other workers' compensation retaliation argument: his filing of a successful workers' compensation claim lead to his termination. Thus, it need not repeat the Magistrate Judge's discussion here.

Plaintiff's FMLA retaliation arguments are also without merit. To succeed on such a claim, the employee "must first make a prima facie showing that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006) (citation omitted) (internal quotation marks omitted). "If he puts forth sufficient evidence to establish a prima facie case of retaliation and [his employer] offers a non-discriminatory explanation" for his termination, [the plaintiff] bears the burden of establishing that the employer's proffered explanation is pretext for FMLA retaliation." *Id*. (citation omitted) (internal quotation marks omitted).

Although Plaintiff is arguably able to show he was engaged in the protected activity of taking time off under the FMLA and Defendant took adverse action when it terminated him, he is unable to demonstrate the adverse action was causally connected to his protected activity for the reasons set forth by the Magistrate Judge.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 12th day of January, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
